UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| CHARLES C., ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 4:21-CV-3-JVB |
| ) | |
| KILOLO KIJAKAZI, Acting Commissioner ) | |
| of the Social Security Administration, ) | |
|     Defendant. ) | |

## OPINION AND ORDER

Plaintiff Charles C. seeks judicial review of the Social Security Commissioner's decision denying his application for supplemental security income and asks this Court to reverse that decision and remand this matter for an award of benefits or, in the alternative, for further administrative proceedings. For the reasons below, this Court grants Plaintiff's alternative request, reverses the Administrative Law Judge's decision, and remands this matter for further administrative proceedings.

## PROCEDURAL BACKGROUND

In Plaintiff's March 13, 2019, application for benefits, he alleged that he became disabled on November 28, 2016. (AR 145). He later amended his alleged disability onset date to March 13, 2019. (AR 219). After a May 21, 2020 hearing, the Administrative Law Judge (ALJ) issued his decision on June 2, 2020, and found that Plaintiff suffered from the severe impairments of osteoarthritis, left knee and lumbar spine disorder and had the non-severe impairments of status-post right knee arthroscopy and partial medial meniscectomy, venous thrombosis, and carpal tunnel syndrome. (AR 19). The ALJ determined that Plaintiff did not meet or medically equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 and further determined that Plaintiff had

> the residual functional capacity [RFC] to perform light work as defined in 20 CFR 416.967(b) except that he can occasionally climb ramps and stairs, as well as occasionally balance, stoop, and crouch. He can never climb ladders, ropes, or scaffolds, never kneel, never crawl, and never work at unprotected heights. Every 30 minutes, he must be allowed to shift positions or alternate between sitting and standing for one to two minutes at a time while remaining on task. He must use a medically necessary cane at all times while walking.

(AR 21). The ALJ found that, in light of Plaintiff's RFC, Plaintiff was able to perform the representative occupations of marker, checker I, and garment sorter. (AR 25). Accordingly, the ALJ found Plaintiff to be not disabled from the application date of March 13, 2019, through June 2, 2020, which is the date of the ALJ's decision. (AR 26). This decision became final when the Appeals Council denied Plaintiff's request for review.

## STANDARD OF REVIEW

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## DISABILITY STANDARD

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether [they] can perform [their] past relevant

2

work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

## ANALYSIS

Plaintiff argues that the ALJ committed reversible error in evaluating the opinion evidence, evaluating Plaintiff's symptoms, limitations, and RFC, and concluding that Plaintiff could perform work in the national economy at step five of the sequential process. The Court agrees with Plaintiff that the ALJ did not properly evaluate the opinion of treating physician Dr. Ungar-Sargon and remands on that basis.

### A. Opinion Evidence

When an ALJ evaluates medical opinions, the most important factors to consider are supportability and consistency, and the remaining factors are relationship with the claimant, specialization, and "other factors." 20 C.F.R. § 404.1520c. "Supportability" considers to what extent an opinion is based on objective medical evidence and supporting explanations. 20 C.F.R. § 404.1520c(c)(1). "Consistency" considers to what extent an opinion is consistent with the evidence from other sources. 20 C.F.R. § 404.1520c(c)(2).

Plaintiff's treating physician Dr. Ungar-Sargon submitted an opinion on Plaintiff's abilities. *See* (AR 281-87). Dr. Ungar-Sargon, in part, opined that Plaintiff could occasionally reach overhead but could never reach in any other direction and could occasionally handle, finger, and feel. (AR 283).The ALJ found this opinion unpersuasive, stating that Dr. Ungar-Sargon gave no explanation or corresponding impairments to justify these limitations. (AR 24).

However, Dr. Ungar-Sargon indicated that the opinions regarding Plaintiff's limitations in the use of his hands were due to bilateral shoulder bursitis and bilateral carpal tunnel syndrome.

3

(AR 283). Elsewhere in his decision, the ALJ acknowledged Plaintiff's bilateral carpal tunnel syndrome as shown on EMG results. (AR 20 (citing AR 279, 312)). The Commissioner points to Dr. Ungar-Sargon's examination notes in an attempt to discount the opinion, but the ALJ did not cite the notes as a reason for the opinion regarding hand abilities to be unpersuasive, so this is an impermissible basis on which to uphold the ALJ's decision. *See SEC v. Chenery Corp.*, 318 U.S. 80, 87-88 (1943); *see also Parker v. Astrue*, 597 F.3d 920, 923 (7th Cir. 2010) (applying the *Chenery* doctrine in the social security context).

The ALJ was in error when he disregarded the opinion regarding hand use limitations as having been given with no explanation or corresponding impairments to justify them. (AR 24). This disregard is based on a factual error because the evidence of record establishes that Dr. Ungar-Sargon explained the impairments underlying the limitations. There is no logical bridge here to support the ALJ's decision to disregard the opinion regarding hand use limitations, and this matter must be remanded.

### B. Step Five

Plaintiff also argues that the ALJ failed to consider whether Plaintiff's specific functional limitations significantly eroded the light occupational base prior to using Medical Vocation Rule 202.14 as a framework for decision.

Plaintiff asserts that the ALJ should have used the sedentary grid rule instead of the light grid rule. Applying the sedentary grid rule would have compelled a finding of disability. Social Security Ruling 83-12 indicates that there will be times when "the extent of erosion of the occupational base is not clear," in which case the ALJ should consult a vocational resource, such as a vocational expert (VE). SSR 83-12, 1983 WL 31253, at *2 (SSA). However, "[t]he regulations broadly specify that the grids are to be employed and a conclusion directed regarding disability

4

when a claimant's vocational factors and [RFC] coincide with *all of the criteria* of a particular rule." *Haynes v. Barnhart*, 416 F.3d 621, 627 (7th Cir. 2005) (quoting 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 200.00(a)) (quotation marks omitted, emphasis in original). "[W]hen a claimant does not precisely match the criteria set forth in the grids, the grids are not mandated." *Id.* at 628 (citing SSR 83-10, 1983 WL 31251, at *1). Plaintiff acknowledges that his assigned RFC falls between the light and sedentary grid rules. (Pl's Br. at 8, ECF No. 17). His exertional limitations are above the threshold for sedentary work, *see* S.S.R. 83-10, 1983 WL 31251, at *5, and the impact of Plaintiff's nonexertional limitations is not obvious. Use of a VE was appropriate under these circumstances. *Butler v. Kijakazi*, 4 F.4th 498, 503 (7th Cir. 2021).

Considering that the ALJ did not find that Plaintiff could perform the full range of light work or the full range of sedentary work but instead found that Plaintiff had an RFC that fell somewhere between the two, the ALJ was under no duty to apply a grid rule and make a disability finding according to the rule. There is no error here.

Further, the ALJ adopted the VE's testimony that Plaintiff could perform the representative jobs of marker, checker I, and garment sorter, which together have approximately 83,000 jobs in the national economy. (AR 25-26). There is little guidance from the Seventh Circuit Court of Appeals regarding at what threshold the "significant number" of jobs in the national economy is met, but the Court will follow the pattern set by its sister district court in the Western District of Wisconsin and find that the threshold is met here. *See Sundsmo v. Saul*, No. 20-cv-100, 2020 WL 6817112, at *7 (W.D. Wis. Nov. 20, 2020) (67,327 jobs meet threshold); *see also James A. v. Saul*, 471 F. Supp. 3d 856, 859-860 (N.D. Ind. 2020) (Van Bokkelen, J.) (finding 14,500 jobs do not meet threshold and dismissing as an outlier *Sally S. v. Berryhill*, No. 2:18-cv-460, 2019 WL 3335033 (N.D. Ind. July 23, 2019), which found that 120,350 jobs was an insignificant number).

5

### C. Other Matters

In the interest of judicial economy and because remand has already been demonstrated to be necessary, the Court declines to address the substance of Plaintiff's other arguments for remanding this matter.

Though Plaintiff has requested remand for an award of benefits, the appropriate relief is the alternative request for remand for further administrative proceedings because the Court cannot say that "all factual issues involved in the entitlement determination have been resolved and the resulting record supports only one conclusion—that the applicant qualifies for disability benefits." Allord v. Astrue, 631 F.3d 411, 415 (7th Cir. 2011).

### CONCLUSION

Based on the above, the Court hereby **GRANTS** the alternative relief requested in Plaintiff's Brief in Support of Complaint, **REVERSES** the decision of the Commissioner of the Social Security Administration, and **REMANDS** this matter for further administrative proceedings.

SO ORDERED on September 9, 2022.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT